22-5005 U.S. v. Walker May it please the court, my name is Katharine Donnelly and I represent the appellant Amanda Walker As the court is aware, the co-defendants in this case and the next have combined some of the issues I will be relying on Mr. Marston's counsel to argue the issues that have been briefed by him I'm planning to address three of the issues that we have briefed the constitutional challenge to the law and law statute, the friendly issue and the defect in the H. Gray instructions, all of which do comply with the standards for plain review and each of which would be an independent reason for reversal in this case As to the first issue, the constitutional challenge, as the court has observed this is a very unique and unusual statute. Well I'm gonna, I don't find it that unique when you look at the Oklahoma statutes and I was sort of surprised that neither of the parties noticed that Oklahoma has a definition in its criminal code of what constitutes a felony and any crime which may be punishable by death or imprisonment in the penitentiary is a felony not a misdemeanor and section 843.5b is punishable by imprisonment not exceeding life imprisonment and the Oklahoma court and this court have both interpreted similar statutes as being a felony and not a misdemeanor so I'm a little surprised that we're not looking at Oklahoma's definition of felony here but I don't see that this statute could be a misdemeanor um your honor great point um to add to that thank you um of course anything that you say is a great point I should have known to not to start with that sentence but um there's also a definition for misdemeanor in the statute well and a misdemeanor is anything that's not a felony but more importantly for the specific reason that you have brought the issue to your attention so the language in 843.5 talks about two separate phases right so you have specifically the statute count uses the term county jail so it says that abuse can be one right punished by maximum of one year in county jail or or life imprisonment in the state penitentiary exactly so the first part goes to your honor's point it goes to the definition of the felony but the definition in Oklahoma the felony is any crime that may be punishable by being in the state penitentiary and the Oklahoma courts and this court have said that it's what you might be charged with not the lower and so if it can be either it's a felony not a misdemeanor and it simply gives discretion to the sentencing court broad discretion of how much to sentence them to and whether to send them to jail or prison but it doesn't change the fact that under Oklahoma law and our interpretation of Oklahoma law that this is a felony. Your honor I completely understand the argument. I'm sorry. I completely understand the argument that the statute does allow charging under for felony which is exactly our point there's unfettered discretion for the prosecution to choose and that is our fault there is an unfettered discretion to choose whether it's a felony or a misdemeanor it is a felony under Oklahoma law there is unfettered discretion in the court sentencing of whether they want to send them to jail or prison but the supreme court has said that's fine so you know I'm kind of I mean I think this question has been answered by Oklahoma and by this court that when you look Oklahoma law holds that is the potential punishment not the actual punishment that is used to determine whether a conviction is a felony and so if it is a potential to be in the state penitentiary it is by definition of Oklahoma law a felony. So I understand that your honor's interpretation would give us the result that any act of child abuse regardless of its severity is punishable by felony and you should completely disregard the misdemeanor language which is consistent with section 10 of the Oklahoma statute under title 21 that defines the misdemeanor as a crime punishable by maximum one year in county jail and that language exists in 843.5 and this interpretation would require us to completely ignore that portion of the statutory language and it will not get rid of the substantive problem as this court has said in the past I believe actually that was your honor's opinion recently in granting the certificate of appealability where your honor cites to the LA language that raises the issue that anytime that you have something with this wide range if you are going to use a factor as aggravating factor you should submit that to the jury and that takes me to my second argument but the interplay of all of so you switch to your alien argument not yet because um I'm submitted to the court that there's an interplay between all of these arguments because of the constitutional debate language of the statute the problem is that you have a statute that without providing any element that goes to the literally and the most broad possibility for the prosecution to choose so if you have and the language said child abuse the child abuse is defined in emotional terms it does not go to the severity justice if the child has been abused right and in that scenario so the prosecution can choose if you have the most minor acts of child abuse by your interpretation we would get a potential life sentence and give that attitude to the prosecution and to the court to sentence to that without having anything intervening in between to tell us what is the guidance which as you see actually was the prosecution's problem because we do train our U.S. attorneys to be very focused on the integrity of the system so why did they have to file that motion for an unconstitutional debate they need a direction to come to the court and argue that the facts of this case because we have serious bodily injury you have to go upward if your analysis is is consistent with our interpretation of Oklahoma law and I don't know what the issue has been because I haven't been directed at this specific case but I would guess that this issue has not been before the court because we haven't seen it before well how would your argument differ if the statute the Oklahoma statute said nothing about up to a year of imprisonment in county jail there would still be the range of possible imprisonment from one day to life why is that not has a long range of sentence is unconstitutionally vague you have to you have to have sentencing guidelines and have to be mandatory guidelines uh to satisfy constitutional due process is that what you're saying because there's no precedent for that um I would submit to the court that there is precedent for that if you look at the apprendee written on 16 um apprendee it specifically addresses that that if you have a statute and I'm not just focusing on the sentencing just so um I can explain to the court that issue is if you have factors that are so fundamental um that a state and I'm quoting now at this point certain factors are so fundamental that a state could not as a substantive matter refrain from recognizing them so long as it chooses to punish human conduct as a crime these are so fundamental and as you see I provided before the comparison between Colorado and Oklahoma statute to see that the level of specificity that you you know exactly what you're looking for administrative and what I quoted to the court um is how many and how many statutes have fallen as a result of the principle stated in that that footnote um unfortunately I did you have I don't need statistics I just need one case so I don't think there's any support for that your honor actually they support the footnote 16 and apprendi sites to Patterson those are the cases involving murder where the question was whether the defendant had the burden of establishing uh that was just manslaughter something along those lines isn't it aren't those the cases and Patterson Patterson is as close to overruled as could be two years later by the Supreme Court but it hasn't been expressly overruled but that that's not what we have here but your I agree that Patterson was not mentioned in Allen but let's talk about what Alan said well what Aline says is that if it is an increase in the mandatory minimum the statutory mandatory minimum then you've got a constitutional problem we don't have that here and if you look at apprendi it's talking about if it's above the statutory maximum we don't have that here so we don't have an Aline or an apprendi problem here neither of those cases help you I understand your honor if if you completely ignore the existence of the specific language in the statute that says this crime can be punishable by a maximum of one year in county jail we could reach that result but that would require that we completely ignore the statute well the the Supreme Court in Beckles has said that there's no problem with giving a sentencing court broad discretion to sentence we don't have a problem with that so long as the parameters are not unclear here the parameters are clear you can do a less than a year in the county jail you can give them life and the district court the sentencing court can look at all of the factors of the sentencing factors and decide where in that range they want to put it but I don't know that there's any Supreme Court authority that says they can't do that thank you your honor I see that my time I have is up I have only two minutes I would like to reserve that well you're not going to be able to raise a new issue on rebuttal you're you can't reserve an issue and then tell I'll talk about rebuttal that's not fair to the appellee so if you're if you're going to give up arguing anything but the vagueness issue that's fine but don't you're not going to be allowed to raise another issue um the court's direction I can continue I thought that I have already raised it finally but the only issue that is left is the jury instruction I will reach that you can use your time as you wish but you can't you can't raise a rebuttal something that you did not address in your opening second minutes or two minutes my name is Chantelle Dial and I represent the United States I'd like to quickly respond to just a couple of things that counsel said first that the Oklahoma statute doesn't provide a these um both require willful or malicious so that issue of constitutionality is not at play here there is a mens rea and then also it was suggested that the government had to file a variance because the statute punishment was vague the government filed a variance request because we were dealing with analogous federal guidelines and there was no on-point federal and that was the purpose for raising um or for filing a variance motion as to the remainder of the constitutional challenges I wish I had looked at the felony definition and that was an error not seeing that um based on what the court has said government would agree that the Oklahoma statute is a felony um even if not the test that the appellant asks this court to consider um confers it more to Colorado statute which is not the test it's not whether or not it's as thorough as another statute it's whether or not it's constitutional um on its face and as applied the only other specific thing I believe that the allocution errors are probably going to be discussed more in the next hearing but for the record for I want to point out the record site specific to Walker that I think is important in considering any allocution concerns um and that is that if this court is at all concerned about Walker's apparent um abandonment of her downward variance request in light of the court's suggestions that it might not be granted I wanted to point out that on record volume three at 588 the defendant through counsel actually suggests that she intends to abandon the downward variance request only after the court had ruled on PSR so before the court even got to any variance or not variance discussion um the defendant had already said that through counsel that she was not going to be asking for the downward variance um would you agree it was error to announce before allocation that I'm not going to grant um a downward variance not it wasn't a definitive statement well but it was a definitive statement that I don't have any interest in hearing arguments on that topic and we have case law that says allocation can be on any topic and if you limit the what they can say on allocution it's error here I don't believe that district court did limit that that would be well it's the district court said I'm not going to grant a downward variance correct but that's different from like Jaramie where the district court prohibited the defendant from still talking about the downward variance well don't you think it's an implied prohibition I've already denied it but I'm going to use my allocution to argue it that's part yes it could be your honor which is part of why I point out that record site because perhaps this is like Jimenez where um the district court's statements implicitly limited the scope like in Jimenez but I think that's why the record here is so important because actually the defendant suggests that she's limiting herself before the court even gets to its um rulings or thoughts on the downward variance she limits um her she limits her variance through a counsel just after the court ruled on the objections to the PSR on 588 so because of that it's it's distinguishable from Jimenez where the defendants seem to change their request based on the court's ruling on the district court's statements did implicitly limit this is more akin to Jimenez where it still isn't plain error um because because it still wasn't a definitive announcement that clearly and unambiguously communicated a specific sentence the court has said that it would not grant a downward variance it said that it didn't find the guidelines or it found the guidelines inapplicable or inadequate but then it lays out that the sentence would be behind 57 months up to life so there's a wide range that the court could choose from there so so how's an error going to be even preserved in this context when you have the judge say I'm not interested in hearing argument about any variance any downward variance and I'm going to deny any motion for defense and then at the very end of the the process before the actual sentence is announced the judge says oh by the way would you like to allocute um what's what happens then objection your honor uh you've already violated my client's rights by announcing your sentence and telling her that anything she wanted to say wouldn't be considered I mean how's that work I mean is it really something that's viewed in the plain error realm or well this court has consistently reviewed these issues in plain error slinker and Jimenez and the cases cited in both of those and respectfully here your honor the court did not say that it wasn't interested in hearing a downward variance or it didn't say that the defendant couldn't talk about down there instead it didn't find it applicable so the plain error standard review is the one that's been consistently applied fair fair enough I was just thinking out loud because I look at these things and I'm like how is this objection actually going to come up but you go on don't don't get don't get caught up on this what about Jimenez doesn't it make it clearly established I mean it it goes through and says you limited them this was inappropriate implicitly yes the decision in Jimenez is that the court's statements implicitly limited the defendant by saying that it's going to and so I think yes the court here could find that defend that the district court's statements implicitly limited the defendant that kind of goes to my point well and then it's plain because we already said that in Jimenez respectfully no and Jimenez it wasn't it was right but it was yes it was decided before this allocution issue right I'm not sure I understand that Jimenez came after this allocation okay I'm confused on timing plain error is determined by the law at the time the appellate court decides that's right so if we have a precedent saying this was error then it's plain error for any case we hear we we hear after that point no matter when the allocution took place yes I completely agree maybe so so are you conceding I thought you were conceding that under Jimenez there was an error here yes the government is conceding that Jimenez there is error but like Jimenez it is not plain error because there was not a definitive statement this court said in Jimenez well but Jimenez if we get the benefit of Jimenez Jimenez says where it's implicit it's error so now we have law that says plainly that if you it's error respectfully no Jimenez lays out three ways that it is plain error first that it's a total denial of allocution we don't have that here second an express limitation on allocation that's not present either it's and then third a definitive statement of a sentence to be imposed that's slinkered Jimenez talks about how the court's saying that guideline that a guideline sentence implicitly limited the defendant but was not plain error because it was not a definitive statement but the question is did it wasn't plain when Jimenez was decided so the issue is was it plain after Jimenez was decided which is turns on whether Jimenez decided that it was in fact error and I think where I mean not to spot you give you a softball but they assumed without deciding in Jimenez that it was error which means that it doesn't establish plain error here but if they had it would be plain here well and that's why the record I think is important in that she had changed her request before the court even got to that variance I understand I believe I understand what the court is asking but if they had in Jimenez found that implicitly foreclosing an area to allocution is error we would have plain error here is what I think the court is agreed on okay judge arts have I ever disagreed with you yes if the court were to adopt such a rule but even an implicit limitation is plain error that is creating a rule that actually gives defendants less information so what we're dealing with here and I understand what the court's saying that after Jimenez then it's plain error the allocution well it might be it depends what Jimenez said and Jimenez said that that plain error occurs with a definitive statement a rule saying that implicit limitations it's not what Jimenez said Jimenez said you know what this was a limitation on the scope of allocution and that's problematic and we are for purposes of our analysis going to assume without deciding that that was error but it's not plain because we haven't decided it before that's what Jimenez said if the court were to adopt a rule that any statement that even implicitly limited was plain error that would actually provide defendants with less information before allocution the court giving the defendant an idea of where it's headed and saying that the guidelines are going to be applicable provides the defendant with an opportunity to address where the court's coming from otherwise the rule that we're looking at is that a defendant gets up and says everything that he has to say having no idea that the district court has no is not intending to go below and well in this case that's not really what you have because after going on for several pages the court says for the reasons articulated and to reflect the seriousness of this offense this is all pre-allocution promote respect for the law and provide just punishment blah blah blah the court finds that an upward variance is warranted in this case a sentence greater than the imprisonment range identified by the advisory guidelines is reasonable and sufficient and it I'm sorry I bounced over to Morrison do you wish to make statement so I guess I don't have you on that one well but there is the court does say that it's going to grant an upward variance and effectively before allocation effectively the court gives the defendant an idea and it's on record volume three your honor for Walker at 592 the court does say that it's convinced a sentence within the guideline range would be in adequately inadequate but then it goes on to say that the guidelines are 46 to 57 months of the maxis life and that is going to grant an upward variance giving the defendant an opportunity to know that the court is considering a sentence between an upward variance between 57 months to life and then allowing the defendant to be able to respond to knowing more of what the court is looking at so if but never mind go ahead go ahead and finish we don't have enough time actually my time is up so if there are any further questions the government just asked to affirm okay miss donnelly since cops for the government addressed allocution it's fair game but I was just looking at your brief did you argue allocution in your brief yes your honor we adopted the argument made in Morrison how can you do that when it's different factual situation um it is identical actually judge carson you're right we had the prosecution on page 593 it is the exact same thing happening the judge specifically says that the government's motion at docket number 78 is granted then it goes ahead and says miss walker do you have something to say so as the allocation we have deserved that issue by adopting the morrison's approach it was exactly the identical situation the court makes a ruling then it says miss walker if you have something to say tell me where in your brief they they don't actually other than saying they adopt the morrison brief they don't it they don't specifically make any argument it is the identical argument where do you say you adopt in our opening brief at the last page of the opening brief the last page yes your honor okay go ahead and then apply the same as to the argument that I was wanting to focus on the apprentice issue which I defaced during the opening um I wanted to make sure that this is on the record that we are preserving the apprenticeship both when it is inside and outside the statutory authorized range as to the inside the statute the outside the statutory authorized range because the argument is that this is so standardless that there is no distinction between the felony and misdemeanor and we know that in count two you have action conduct that based on the missing definition in the oklahoma statute that that specifically says disciplinary disciplining your child is not used that in order to move to something to tenure they the court had to make a finding as to the aggravated factor which was the serious seriousness of the crime which was not submitted to the jury and based on on at page um 114 this there was a must it should have been submitted to the jury and as to the argument for even application of it within the range you have um that is actually in conformity with justice Gorsuch's opinion from the 10th circuit both of whom have made a point that even when it is within the statutory when you are dealing with factors that are so important that are so embedded in the definitional piece the elemental piece of the crime that it should be submitted to the jury thank you for your time